**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CLEMENT OVIDIU DUMITRESCU,

        **Plaintiff,**               **CIVIL ACTION NO. 05-CV-72791-DT**

    **vs.**

                                 **DISTRICT JUDGE DENISE PAGE HOOD**

COSTEL HANA, et. al.,            **MAGISTRATE JUDGE MONA K. MAJZOUB**

           **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**RECOMMENDATION**: Defendant Detroit Police Department's Motion to Dismiss (Docket # 36) should be **GRANTED.**

***

Plaintiff was allowed to proceed *in forma pauperis* and filed the instant prisoner civil rights action on July 15, 2005 pursuant to 42 U.S.C. § 1983.  On September 8, 2005 Defendant City of Detroit Police Department filed a Motion to Dismiss and for Summary Judgment to which Plaintiff has not responded. In his Complaint, Plaintiff alleges that Defendants Hodges and Wojcik acted upon false police reports alleging that Plaintiff was in possession of stolen vehicles.  Plaintiff further alleges that Defendants later engaged him in a high speed chase ending in a collision in which Plaintiff was injured.  In its Motion to Dismiss, Defendant Detroit Police Department argues that Plaintiff has failed to state a claim against it such that Plaintiff's claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**STANDARD OF REVIEW**

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff.  FED.

R. Civ. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

## DISCUSSION AND ANALYSIS

To state a claim against a municipality under § 1983, a plaintiff must allege a deprivation of his constitutional or federal rights pursuant to a custom, usage, or official policy of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Liability attaches to a municipality only where injury results from the execution of its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694; *see also City of Canton v. Harris*, 489 U.S. 378, 385, 389 (1989). The policy or custom must originate from the official or officials responsible for establishing final policy with respect to the subject matter in question. *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986). A policy is "a deliberate choice to follow a course of action . . . from among various alternatives" and may result from a single decision by municipal policymakers. *Id.* A municipality cannot be held liable based solely on a theory of *respondeat superior* or vicarious liability. *Monell*, 436 U.S. at 691.

Here, Plaintiff fails to alleges a deprivation of a constitutional right based on a custom and policy of Defendant Detroit Police Department. Plaintiff's complaint is devoid of any allegations calling into question the constitutionality of any policy or custom of the Detroit Police Department. Therefore, even accepting as true all of the allegations contained in Plaintiff's Complaint, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted as to Defendant Detroit Police Department. Accordingly, Defendant Detroit Police Department's Motion to Dismiss should be **GRANTED**.

-2-

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Dated: November 16, 2005        s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Clement Ovidiu Demitrescu and Counsel of Record on this date.

Dated: November 16, 2005        s/ Lisa C. Bartlett
                                         Courtroom Deputy