**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CLEMENT OVIDIU DEMITRESCU,**

      **Plaintiff,**                        **CIVIL ACTION NO. 05-CV-72791-DT**

    **vs.**                              **DISTRICT JUDGE DENISE PAGE HOOD**

**SHELBY TOWNSHIP POLICE**
**DEPARTMENT, ET AL.,**            **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff's Complaint should be **DISMISSED** against all Defendants. Defendants' outstanding motions for summary judgment and Plaintiff's outstanding motions for entry of default and appointment of counsel should be **DISMISSED** as moot.

**PROCEDURAL HISTORY**

Plaintiff filed the instant complaint on July 15, 2005, alleging causes of action under 42 U.S.C. § 1983 arising from violations of his constitutional rights. Plaintiff named multiple Defendants in his complaint: the Shelby Township Police Department, the Oakland County Sheriff's Department, the Macomb County Prosecutor's Office, Police Officers Hodges, Messing, Wojcik, Woelkers, Cazabon, Coady, Ferguson, Purdle, Salazar, Daniels, Gorney, Katz, Zagurny, Lambouris, Strawska, Pizzini, and Kohl, and Macomb County Prosecutors Marlinga and Kaiser. Plaintiff has also named some parties that are not government subdivisions or employees: Edward Dean Fischer, the Fourteenth Avenue Cartage Company, and George Rene Etienne.

The case arises out of a July 18, 2002 police chase. The chase occurred after a Ford Mustang and a Cadillac Escalade had been reported stolen. The police discovered that Plaintiff had recently been

driving both vehicles, and surmised that Plaintiff had probably stolen them. The police attempted to stop him while he was driving the Escalade, but Plaintiff attempted to escape, and a high speed chase ensued.

Plaintiff alleges that the original report regarding the stolen vehicles was false, and that the vehicles had been pawned by their owner. He also alleges that the owner of the vehicles and the various named police defendants knowingly conspired to arrest Plaintiff and convict him of vehicle theft.

Plaintiff also alleges that the police conducted the high speed chase recklessly. Specifically, Plaintiff alleges that the police set up a roadblock on M-59 with the intent to injure him, that the police forced the Escalade he was driving into a collision with a stopped truck and a car at high speed, resulting in severe injuries to Plaintiff's right femur and lower back. Plaintiff alleges that the civilian Defendants had stopped their cars on M-59 in response to police sirens, but were acting as agents of the conspiracy to injure Plaintiff. Plaintiff also alleges that after this initial collision, Defendant Pizzini intentionally drove his car into Plaintiff's car, intending to injure him.

Plaintiff alleges that, after his vehicle was stopped, the police used excessive force in taking Plaintiff from his vehicle, "slamming" him onto the pavement, kicking him, pointing loaded guns at his head, and deliberately ignoring Plaintiff's injuries. Plaintiff alleges that the police defendants and prosecutors knowingly conspired to defraud a Michigan state court and coerced Plaintiff to plead guilty to a count of receiving and concealing stolen property(the Escalade) and a count of assault with a deadly weapon (the Escalade again) in connection with the July 18, 2002 chase and crash. Plaintiff eventually pled guilty to both of these counts as a result of a plea agreement with the Macomb County prosecutor's office. In return for the guilty plea, the prosecutor dropped charges of concealing a motor vehicle with intent to misleed, fleeing a police officer, and assault with intent to murder. Plaintiff is currently serving

a sentence of six to fifteen years as a result of the pleas, and no court has overturned Plaintiff's sentences on direct or collateral review.

The various Defendants have filed motions for summary judgment and to dismiss[1], raising a variety of reasons why summary judgment or dismissal is appropriate in this case. Plaintiff has filed a motion for entry of default against Edward Dean Fischer and the Fourth Avenue Cartage Company, which has been opposed.

## **ANALYSIS**

Defendants seek, in the alternative, to have this Court either dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) or grant summary judgment to the Defendants under Fed. R. Civ. P. 56.

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to

---

[1]*See* docket numbers 63, 64, 69, 70, and 71.

defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. *Ashbook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

Plaintiff's claims that the police framed him, should not have chased him, and that the police roadblock was an unconstitutional assault by the police on Plaintiff's person are not now congnizable bases for a claim under 42 U.S.C. § 1983.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994)(internal footnote omitted).

Plaintiff has pled guilty to receiving and concealing stolen property in the form of the Cadillac Escalade. The Court should dismiss those portions of Plaintiff's complaint that would undermine this guilty plea. These necessarily include all allegations that assume that the Escalade was not actually stolen, that Plaintiff should not have been under suspicion for having stolen property, that the police

should not have attempted to stop Plaintiff while driving the Escalade, or that the police should not have pursued Plaintiff after he attempted to flee. Similarly, the Court cannot entertain those portions of Plaintiff's complaint that allege that police and prosecutors conspired to frame Plaintiff for receiving and concealing the Escalade.

Plaintiff's guilty plea to the count of assault with a deadly weapon forcloses some of his other claims. Specifically, the plea conclusively establishes, for purposes of the present litigation, that the crash that ended the car chase was an assault by Plaintiff against a police officer in the roadblock. Therefore, the Court cannot credit Plaintiff's assertions that he was forced into the roadblock, or that Plaintiff's crash into the roadblock and the subsequent contact with another police vehicle was an unconstitutional assault by police and civilians upon Plaintiff, since these assertions would each imply that Plaintiff had a valid affirmative defense to the assault charge.

*Heck* therefore requires the dismissal of all charges against all Defendants, except to the extent that Plaintiff has alleged that the police defendants unconstitutionally used excessive force in pulling him from his car and arresting him just after the end of the car chase. However, the excessive force claims should also be dismissed for failure to state a claim.

When performing discretionary government functions, police officers are entitled to qualified immunity. *Graham v. Connor*, 490 U.S. 386 (1989). Qualified immunity insulates police defendants under these circumstances from liability in a § 1983 suit unless their conduct violates a clearly established constitutional or statutory right. *Anderson v. Creighton*, 483 U.S. 635 (1987). The Constitution permits officers to use force, even deadly force, on a person suspected of a serious crime to the extent that using such force as is "objectively reasonable" under the circumstances. *Graham v. Connor*, 490 U.S. 386 (1989).

"Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Tennessee v. Garner*, 471 U.S. 1,11 (1985).  In this case, police officers pulled an injured Plaintiff from his vehicle and allegedly kicked him, slammed him to the ground, and pointed guns at his head.  Allegedly, all of this occurred just seconds after Plaintiff had committed an assault with a deadly weapon.  Plaintiff has not alleged that the officers continued to subject him to this type of force once he was immobile and on the ground.  By virtue of the assault, the police had probable cause to believe that Plaintiff posed a threat of serious harm.  The Court concludes that the force actually employed was not constitutionally excessive, and that the officers were not violating any of Plaintiff's clearly established constitutional or statutory rights.

## **RECOMMENDATION**

Accordingly, Plaintiff's complaint should be **DISMISSED** in its entirety as to all Defendants. The various motions for summary judgment filed by Defendants in this case should be **DISMISSED AS MOOT**.  Plaintiff's Motion for Entry of Default and his Motion for Appointment of Counsel should be **DISMISSED AS MOOT**.

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n*

*of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 20, 2006                         s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE


### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Clement Ovidiu Demitrescu and Counsel of Record on this date.

Dated: July 20, 2006                         s/ Lisa C. Bartlett
                                             COURTROOM DEPUTY