UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CLEMENT OVIDIU DUMITRESCU,**

                                                    Case No. 05-CV-72791-DT

    **Plaintiff**,

                                                    HONORABLE DENISE PAGE HOOD

v.

**COSTEL HANA, ET AL.,**

    **Defendants**.

_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

**I.  INTRODUCTION**

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation dated July 20, 2006.  Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation on July 31, 2006.  Defendants have filed Responses to Plaintiff's Objections.

The Magistrate Judge recommended that Plaintiff's Complaint be dismissed as to all Defendants.  The Magistrate Judge also recommended that Defendants' outstanding Motions for Summary Judgment and Plaintiff's outstanding Motions for entry of Default Judgment be dismissed as moot. Plaintiff initially filed the Complaint and the Responses to various motions filed by Defendants *pro se*.  Counsel on behalf of Plaintiff filed an Appearance on July 17, 2006, three days prior to the

1

issuance of the Report and Recommendation. Objections to the Report and Recommendation were filed by Plaintiff's counsel.

## II.     STATEMENT OF THE FACTS

The circumstances of the case center around a police chase involving the Plaintiff and Defendants on July 18, 2002. After a Ford Mustang and Cadillac Escalade were reported stolen, police learned that Plaintiff had recently been driving both vehicles and suspected he had stolen them. Police attempted to stop Plaintiff while he was driving the Escalade. Plaintiff attempted to flee and a high speed chase ensued. The chase ended with a collision between Plaintiff, a stopped truck, and another vehicle, resulting in severe injuries to Plainitff. Later, Plaintiff pleaded guilty to one count of receiving and concealing stolen property (the Escalade) and one count of assault with a deadly weapon (the Escalade) in connection with the police chase and collision.

On July 15, 2005, Plaintiff filed a Complaint naming multiple defendants: Shelby Township Police Department, the Oakland County Sheriff's Department, the Macomb County Prosecutors' Office, Macomb County Prosecutors Carl Marlinga and Eric Kaiser, Police Officers Hodges, Messing, Wojcik, Woelkers, Cazabon, Coady, Ferguson, Purdle, Salazar, Daniels, Gorney, Katz, Zagurny, Lambouris, Strawska, Pizzini, and Kohl. Plaintiff also names some non-government parties:

Hana Costel, Edward Dean Fischer & Trucking Company, the Fourteenth Avenue Cartage Company, and George Rene Etienne.

In his Complaint, Plaintiff alleges: (1) that Defendant officers conspired with the owner of the vehicles to arrest Plaintiff and convict him of vehicle theft, (2) that Defendants acted recklessly during the high speed chase, (3) that Defendant Pizzini intentionally drove his car into Plaintiff's car with the intent to injure Plaintiff, (4) that police used excessive force in removing Plaintiff from the vehicle, and (5) that prosecutors knowingly conspired to defraud a Michigan state court and coerced the Plaintiff to plead guilty. Plaintiff argues that Defendants' alleged behavior violated his constitutional rights under 42 U.S.C. §1983.

### III. STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to preserve the right to appeal the Magistrate Judge's Report and Recommendation, Plaintiff is obligated to file objections within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.,* 932 F 2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Objections were filed to the Magistrate Judge's Report and Recommendation and are addressed below.

### IV. APPLICABLE LAW & ANALYSIS

#### A. Heck v. Humphrey

Plaintiff argues that the Magistrate Judge inappropriately applied the standard of *Heck v. Humphrey* to his excessive force claim. Under *Heck*, a party is barred from making any claims calling a conviction into question, unless that conviction is overturned. *Heck v. Humphrey*, 512 U.S. 477, 486-487. At this point, neither of Plaintiff's two convictions have been overturned.

The Magistrate Judge correctly opines that Plaintiff's guilty pleas, on the counts of receiving and concealing stolen property and assault with a deadly weapon, preclude certain claims asserted in the Complaint. The collision between Plaintiff and the other vehicles is at the heart of his guilty plea to assault with a deadly weapon. *Heck* bars all of Plaintiff's claims that would undermine his guilty plea. Plaintiff's claims, that Defendant Pizzini intentionally drove his car into the Plaintiff's car and the alleged contradictions in Defendant Pizzini's testimony, call into question the validity of Plaintiff's assault conviction. Both claims are

4

inconsistent with his guilty plea to assault. These claims are barred by *Heck*. Similarly, Plaintiff's claims of conspiracy and coercion are barred in light of his guilty plea to receiving and concealing stolen property. Such claims are likewise inconsistent with a guilty plea. The Court accepts the Magistrate Judge's findings and conclusions on this issue.

### B. Excessive Force

The excessive force claim is an issue separate and distinct from the events at the core of the conviction. The Magistrate Judge recommends the dismissal of the excessive force claim for failure to state a claim and based on qualified immunity. Plaintiff alleges that police officers kicked, slammed him to the ground, and held guns to his head after removing him from the vehicle, in violation of 42 U.S.C. §1983 In order to sustain a claim under 42 U.S.C. §1983 involving police officers, Plaintiff must show that the conduct of the police officers violates a clearly established constitutional or statutory right. *Anderson v. Creighton,* 483 U.S. 635 (1987).

"The right to be free from excessive force is a clearly established right. Excessive force claims are analyzed under the Fourth Amendment's 'objectively reasonable' test, not under a substantive due process standard." *Walton v. City of Southfield*, 995 F. 2d 1311, 1342 (6th Cir. 1993) (citing *Graham v. Connor*, 490 U.S. 386 (1989)). "While the Fourteenth Amendment does not guarantee life, it guarantees that the state cannot deprive an individual of life without due process."

5

*Nishiyama v. Dickson County*, 814 F.2d 277, 279 (6th Cir. 1987). The preservation of one's own life is an interest of constitutional dimension. *Id.* In analyzing the facts in *Nishiyama*, the Sixth Circuit confirmed the validity of a due process claim against a state and state actors as applied through the Fourteenth Amendment under § 1983. However, under *Tennessee v. Garner*, officers may constitutionally use force, including deadly force where there is probable cause to believe that the suspect poses a threat of serious physical harm either to the officer or to others. *Garner*, 471 U.S. 1, 11 (1985).

The Court liberally construes Plaintiff's initially filed *pro se* Complaint and Responses to Motions to Dismiss and/or for Summary Judgment since federal courts hold the *pro se* Complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). Although the Court agrees that there was probable cause to believe that Plaintiff posed a threat of serious physical harm either to the officers or to others by engaging in a high-speed police chase, Plaintiff has stated a claim for excessive force after his vehicle was stopped. As noted by the Sixth Circuit, excessive force claims can be maintained for cuffing an individual's wrists too tightly, depending on the situation. *Kostrzewa v. City of Troy*, 247 F. 3d 633, 639-41 (6th Cir. 2001).

The Court has viewed a videotape of the incident. Plaintiff can be seen swerving at high speeds around civilian vehicles on M-59. Plaintiff admits that his

6

speed reached at least eighty miles per hour during the chase. (Pl.'s Obj. at 11). On the tape, Plaintiff is seen driving across the median from the westbound side to the eastbound side of M-59 at a high rate of speed. High speeds and the presence of civilians on the highway support a finding of probable cause to believe Plaintiff posed a serious threat of harm to the civilian drivers present on M-59. The Magistrate Judge properly concluded that the police had probable cause to believe that Plaintiff posed a serious threat. The Court notes that the videotape shows Defendant officers removing Plaintiff from the car following the crash. Plaintiff alleges Defendant officers used excessive force in pulling him from the vehicle and arresting him. The actions of the officers are not clear enough on the videotape for the Court to determine that there is no material issue of fact regarding the force used to remove Plaintiff from his vehicle and arrest him.

      Plaintiff alleges that Defendant Wojcik kicked him after he was subdued on the ground. However, it is unclear from the videotape whether this occurred. In his affidavit attached to the Complaint, Plaintiff indicates he raised his arms and yelled that he was disabled and was seriously injured. (Dumitrescu Aff., ¶ 15) Officer Lambouris, assisted by other officers, smashed out the driver's side and passenger's windows, snatched him out of the vehicle, despite his screams of pain, slammed him against the ground and kicked him. (*Id.*) Plaintiff saw Officer Wojcik kick him.

7

(*Id.*)  This creates a genuine issue of material fact as to whether the officers used excessive force to get Plaintiff out of the vehicle and in their arrest of Plaintiff.

The Shelby Township Officers assert in their motion that the only officer present at the scene was Defendant Wojcik.  No documentation was submitted to support the following officers' claim that they were not at the scene or did not participate in the arrest: Defendants Messing, Cabazon, Woelkers, Coady, Kohl and Ferguson.  These Defendants remain.  The following Shelby Township Defendants are dismissed because they were not at the scene: Hodges (arrived after Plaintiff was arrested); Purdle (Dispatcher).

Defendant Lambouris of the Oakland County Sheriff's Department remains since documents submitted support that he participated in the arrest and Plaintiff claims Defendant Lambouris was the officer who snatched him out of the vehicle and kicked him.  The remaining Oakland County Sheriff's Officers are dismissed because the documentation reveals they did not participate in the arrest or were not at the scene: Defendants Zagurney, Strawska and Pizzini.

Defendant Officer Salazar of the Detroit Police Department submitted documentation that he was not involved in Plaintiff's arrest and was only involved in the auto theft investigation.  Defendant Salazar is dismissed.

**C.  Edward Dean Fischer and Trucking Company and Fourteenth Avenue Cartage**

8

Plaintiff claims that the Magistrate Judge incorrectly dismissed Defendants Edward Dean Fischer and Trucking Company and Fourteenth Avenue Cartage. Plaintiff argues that Defendants Fischer and Trucking Company and Fourteenth Avenue Cartage failed to respond to the Complaint. These Defendants filed an Answer to the Complaint on April 26, 2006 (**Docket No. 84**). No request for entry of default under Fed. R. Civ. P. 55(a) was filed by Plaintiff, which is required before requesting entry of default judgment. Default judgment against these Defendants is improper.

One of the basic requirements of a claim under 42 U.S.C. §1983 is that the defendant must be a state actor or someone "acting under the color of state law". *Berger v. City of Mayfield*, 265 F.3d 399 (6th Cir. 2001). Defendants Fischer & Trucking Company and Fourteenth Avenue Cartage are not state actors. Neither Defendant is a government employee or affiliated with a government subdivision. In any event, these Defendants were not involved in the actual arrest of Plaintiff after the vehicle was stopped. The Complaint is dismissed as to Defendants Edward Dean Fischer and Trucking Company and Fourteenth Avenue Cartage.

### D. Shelby Township Police Department

The Court notes that Defendant Shelby Township Police Department correctly argues that it is not an entity subject to suit under either federal or state law. Police departments and other municipal departments cannot be sued for torts. *See Rhodes v.*

*McDannel*, 945 F. 2d 117, 120 (6th Cir. 1991).  Defendant Shelby Township Police Department is dismissed.

### E.  Defendant Costel Hana

Defendant Costel Hana is dismissed without prejudice as the docket reflects that Mr. Hana has never been served with a Summons and Complaint.

### F.  Defendant George Rene Etienne

Defendant Etienne is also dismissed since he did not participate in the actual arrest of Plaintiff after the vehicle was stopped.

### G.  Defendants Daniels, Gorney and Katz

These Defendants are dismissed.  Defendant Daniels completed an Incident Report, attached as Exhibit number 4 to Plaintiff's Complaint, wherein Mr. Daniels states that he arrived at the scene after Plaintiff was arrested.  Defendants Gorney and Katz were not at the scene and their involvement with Plaintiff surrounded their auto theft investigation.   Plaintiff's claim against these individuals rests on his assertion that he was falsely put under surveillance and falsely arrested.  However, as has been stated, such claims fail under *Heck*.  Defendants Daniels, Gorney and Katz are dismissed with prejudice.

### V.  CONCLUSION

For the reasons stated above, the Court agrees and adopts the Report and Recommendation of the Magistrate Judge in part and rejects in part as more fully set

forth below. The Court dismisses all claims except Plaintiff's claim of excessive force.

Accordingly,

IT IS ORDERED that Magistrate Judge Mona K. Majzoub's Report and Recommendation [**Docket No. 94, dated July 20, 2006**] is ACCEPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment Against Edward Dean Fischer and Trucking Company **[Docket No. 66, filed March 29, 2006]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment Against Fourteenth Avenue Cartage Company **[Docket No. 67, filed March 29, 2006]** is DENIED.

IT IS FURTHER ORDERED that Defendant Etienne's Motion for Summary Judgment **[Docket No. 63, filed March 22, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Defendant Detroit Police Officer David Salazar's Motion for Summary Judgment **[Docket No. 64, filed March 23, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Defendants' Macomb County Sheriff's Department, Det. David Daniels, Det. Joe Gorney, Det. Joe Katz, Macomb County Prosecutor's Office, Carl Marlinga, Prosecutor, and Eric Kaiser, Asst. Prosecutor's

Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) and Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(C) [**Docket No. 69, filed April 4, 2006**] is GRANTED.

IT IS FURTHER ORDERED that Defendants' Oakland County Sheriff's Department, Deputy Sherolyn Hunter, Deputy Dean Lambouris, Deputy S. Strawska and Lt. Gordon Pizzini, Motion to Dismiss or for Summary Judgment [**Docket No. 70, filed April 4, 2006**] is GRANTED IN PART AND DENIED AS TO DEFENDANT DEAN LAMBOURIS on Plaintiff's excessive force claims.

IT IS FURTHER ORDERED that Defendants' Shelby Township Police Department, Officer Leslie A. Hodges, Officer Messing, Officer Joseph Wojcik, Sgt. Kenneth Cazabon, Lt. Ronald Woelkers, Lt. Coady, Sgt. Ferguson, Officer Thomas Kohl and David Purdle Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12 (b)(6) & 56(c)[**Docket No. 71, filed on April 4, 2006**] is GRANTED IN PART and DENIED IN PART. The excessive force claims remain against DEFENDANTS OFFICER MESSING, OFFICER JOSEPH WOJCIK, SGT. KENNETH CAZABON, LT. RONALD WOELKERS, LT. COADY, SGT. FERGUSON, and OFFICER THOMAS KOHL.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel **[Docket No. 79, filed April 20, 2006]** is MOOT, counsel having filed an Appearance on behalf of Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's excessive force claims under the Fourth and Fourteenth Amendments against Defendants Officer Messing, Officer Joseph Wojcik, Sgt. Kenneth Cazabon, Lt. Ronald Woelkers, Lt. Coady, Sgt. Ferguson, Officer Thomas Kohl, and Dean Lambouris remain to the extent these officers were involved in removing Plaintiff from the vehicle and subduing him on the ground.

IT IS FURTHER ORDERED that all other claims are DISMISSED WITH PREJUDICE. The following Defendants are DISMISSED WITH PREJUDICE: Shelby Township Police Department, Officer Leslie Hodges, David Purdle, Officer Salazar, Macomb County Sheriff's Department, Det. David Daniels, Det. Joe Gorney, Det. Joe Katz, Macomb County Prosecutors' Office, Carl Marlinga, Eric Kaiser, Oakland County Sheriff's Department, Sharolyn Zagurney, Deputy Strawska, Lt. Gordon Pizzini, Edward Dean Fischer & Trucking Company, Fourteenth Avenue Cartage Company, and George Rene Etienne.

IT IS FURTHER ORDERED that a Status Conference will be held on May 14, 2007 at 3:00 p.m.

                                              /s Denise Page Hood  
                                              DENISE PAGE HOOD  
                                              United States District Judge

DATED: March 30, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2007, by electronic and/or ordinary mail.

                                              S/William F. Lewis  
                                              Case Manager